UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE LEE GIPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>A. CASTILLO, ET AL.,<br><br>    Defendants. | Case No. EDCV 19-473-R (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.
## **INTRODUCTION**

Plaintiff Bruce Lee Gipson ("Gipson"), proceeding pro se and in forma pauperis, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") and the Americans with Disabilities Act ("ADA"). For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

## II.
## **BACKGROUND**

On February 28, 2019, Gipson, who is currently incarcerated in West Valley Detention Center in Rancho Cucamonga, California, constructively filed[1] a Complaint

---
[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

against defendants Risk Management, Arrowhead Medical Center, Captain A. Castillo, and Nurse Rensink in their individual and official capacities (collectively, "Defendants").  ECF Docket No. ("Dkt.") 1.

Gipson alleges the following.  Gipson is a "wheelchair-bound inmate and was given an ADA chrono but was never given an ADA compliant cell."  Dkt. 1 at 5.  He "filled out a grievance stating [his] need to be[] housed properly, [but] was retaliated against and sent to the [Secured Housing Unit ("SHU")], [which was] also [] non-ADA compliant."  Id.  Gipson received a response to his grievance and was told he was never "issued a[n] ADA chrono by medical staff."  Id.  He alleges this was "a lie because [he] has a chrono that was issued Nov[ember] 29, 2018."  Id.  He argues defendants Castillo and Rensink have "systematically falisif[ied] documents/evidence and botch[ed] investigations."  Id.

Gipson sets forth the following claims:
- Defendant Risk Management "is responsible for all conduct and misconduct of their employees as insurance";
- Defendant Castillo "falsif[ied] legal documents resulting in [a] botch[ed] investigation" in violation of the Fourth Amendment, Eighth Amendment cruel and unusual punishment, Fourteenth Amendment due process, and ADA;
- Defendant Rensink "falsif[ied] legal documents" in violation of the Fourth Amendment, Eighth Amendment cruel and unusual punishment, Fourteenth Amendment due process, and ADA; and,
- Defendant Arrowhead Medical Center did "not properly document[] misconduct by [the] Sheriff's Office", violated the Eighth Amendment by "not properly housing ADA inmates", and "falsif[ied] documents" in violation of the Fourth Amendment.

Dkt. 1 at 3-4.

Gipson seeks actual, compensatory, and punitive damages.  Dkt. 1 at 6.

# III.

# **STANDARD OF REVIEW**

Where a plaintiff is incarcerated and proceeding in forma pauperis, a court must screen the complaint under 28 U.S.C. §§ 1915 and 1915A and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, a court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of

underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, a court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, a court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

### A. THE COMPLAINT FAILS TO STATE ADA CLAIMS AGAINST DEFENDANTS

#### 1. Applicable Law

To prove a public program or service violates Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was because of his disability.

4

Weinreich v. Los Angeles Cnty. Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997) (citing 42 U.S.C. § 12132).

A plaintiff may only assert a Title II claim against "public entities." 42 U.S.C. § 12132; Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir. 2003). While the Ninth Circuit has not squarely addressed the issue in a published opinion[2], district courts within the Ninth Circuit have determined the term "public entity" under Title II does not encompass a public official sued in his or her individual capacity. See Chester v. Univ. of Washington, No. C11-5937 BHS, 2012 WL 3599351 (W.D. Wash. Aug. 21, 2012); A.B. ex rel. B.S. v. Adams–Arapahoe 28J School Dist., 831 F. Supp. 2d 1226 (D. Colo. 2011); Thomas v. Nakatani, 128 F. Supp. 2d 684 (D. Hawaii 2000); Becker v. State. of Oregon, ODOC, et al., 170 F. Supp. 2d 1061, 1066 (D. Or. 2000). Rather, only public agencies and public officials acting in their *official* capacity are subject to suit under Title II. Kitzhaber, 328 F.3d at 1187.

Additionally, to assert a claim against a private entity under Title III of the ADA, a plaintiff must allege: "(1) he is disabled as defined by the ADA; (2) the defendant is a private entity that owns, leases or operates a place of public accommodation; (3) the defendant employed a discriminatory policy or practice; and (4) the defendant discriminated against the plaintiff based upon the plaintiff's disability by (a) failing to make a requested reasonable modification that was (b)

---

[2] The Court notes two pre-2007 unpublished Ninth Circuit cases holding that no individual liability exists under Title II of the ADA. See Burgess et al. v. Carmichael, 37 F. App'x. 288 (9th Cir. 2001) (affirming district court's dismissal of plaintiff's claims against individual defendants and reasoning that plaintiffs may sue only "public entity" for such violations, and not government officials in their individual capacities) (citing Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002)); Young v. Lehaman, 171 F. App'x. 625 (9th Cir. 2006) (claims against defendants under Title II of the ADA in their individual capacities are foreclosed) (citing Vinson, 288 F.3d at 1156, and Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8, 1011–12 (8th Cir. 1999) (en banc)). Pursuant to Ninth Circuit Rule 36-3, the Court does not rely on these unpublished dispositions in issuing its holding. See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

necessary to accommodate the plaintiff's disability". <u>Fortyune v. Am. Multi-Cinema, Inc.</u>, 364 F.3d 1075, 1082 (9th Cir. 2004).

**2. Analysis**

First, to the extent Gipson asserts ADA claims against defendants Castillo and Rensink in their individual capacity, he fails to state a cognizable claim. <u>See</u> <u>Kitzhaber</u>, 328 F.3d at 1187.

Second, to the extent Gipson asserts ADA claims against defendants Castillo and Rensink in their official capacity, he fails to allege sufficient facts to support his claims. Gipson alleges defendants Castillo and Rensink violated the ADA because they "systematically falisif[ied] documents/evidence and botch[ed] investigations" which led to Gipson, a wheelchair bound inmate, not being housed in an ADA compliant cell. Dkt. 1 at 5. Although it appears Gipson has alleged facts meeting the first two elements of an ADA claim, his allegation does not meet the third element because he fails to contend defendants Castillo and Rensink denied Gipson an ADA compliant cell because of his disability. <u>See</u> <u>Weinreich</u>, 114 F.3d at 978.

Moreover, to the extent Gipson alleges defendants Arrowhead Medical Center and Risk Management violated the ADA, he has failed to allege any facts to support such a claim. <u>See</u> <u>Iqbal</u>, 556 U.S. at 678. Additionally, Gipson has not alleged, nor can the Court infer, that defendant Risk Management is either part of or created by the state for it to be liable under Title II of the ADA. <u>See</u> <u>M.S. v. Cty. of Ventura</u>, No. CV 16-03084-BRO (RAOx), 2016 WL 11506613, at *13 (C.D. Cal. Oct. 24, 2016) (finding that to be exposed to liability under Title II of the ADA, a private entity must be either part of or created by the government itself). Finally, Gipson has not alleged any facts to support a claim against defendant Risk Management under Title III of the ADA. <u>See</u> <u>Fortyune</u>, 364 F.3d at 1082.

Accordingly, Gipson's ADA claims against Defendants are subject to dismissal.
///
///

**B.     THE COMPLAINT FAILS TO STATE A SECTION 1983 CLAIM AGAINST DEFENDANT ARROWHEAD MEDICAL CENTER**

    **1.     Applicable Law**

A county or municipality can be liable under Section 1983 only for official "policy" or longstanding "custom" that are the "moving force" behind a constitutional violation. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Thus, to state a cognizable Section 1983 claim against a municipality or local government officer in his or her official capacity, a plaintiff must show the alleged constitutional violation was committed "pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the "standard operating procedure" of the local governmental entity.'" Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (citations omitted). Proof of random acts or isolated events is insufficient to establish a custom or practice. Thompson v. City of L.A., 885 F.2d 1439, 1444 (9th Cir. 1989). Rather, a plaintiff must contend widespread, systematic constitutional violations which have become the force of law. Board of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). Moreover, a plaintiff must allege the policy, practice or custom was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

In addition, "[a] municipality may be held liable for a constitutional violation if a final policymaker ratifies a subordinate's actions." Lytle v. Carl, 382 F.3d 978, 986 (9th Cir. 2004) (citing Christie v. Iopa, 176 F.3d 1231, 1238 (9th Cir. 1999)). To show ratification, however, a plaintiff must allege the "authorized policymakers approved a subordinate's decision and the basis for it." Christie, 176 F.3d at 1239 (quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 127, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988)).

///

///

///

**2. Analysis**

Here, the Complaint fails to state a claim against defendant Arrowhead Medical Center.[3] Gipson does not allege any facts showing defendant Arrowhead Medical Center had a "policy" or "custom" that was the "moving force" behind any constitutional violation. See Monell, 436 U.S. at 694. In fact, Gipson appears to allege a "random act[] or [an] isolated event[]" in which defendants Castillo and Rensink falsified documents and "botch[ed]" an investigation. See Thompson, 885 F.2d at 1444. Moreover, to the extent Gipson sues defendant Arrowhead Medical Center under a ratification theory of liability, Gipson has failed to allege defendant Arrowhead Medical Center approved defendants Castillo and Rensink's "decision and the basis for it." See Christie, 176 F.3d at 1239. Accordingly, Gipson's Section 1983 claim against defendant Arrowhead Medical Center is subject to dismissal.[4]

**C. THE COMPLAINT FAILS TO STATE A SECTION 1983 CLAIM AGAINST DEFENDANT RISK MANAGEMENT**

**1. Applicable Law**

To state a Section 1983 claim, a plaintiff must allege that a particular defendant, *acting under color of state law*, deprived plaintiff of a right guaranteed under the United States Constitution or a federal statute. 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). Thus, private parties generally cannot be held liable under Section 1983. See Monroe v. Pape, 365 U.S. 167, 172, 81

---

[3] Arrowhead Medical Center is owned and operated by County of San Bernardino.

[4] Gipson also sues defendant Arrowhead Medical Center in its individual capacity. Dkt. 1 at 3. However, an individual capacity suit "seek[s] to impose personal liability upon a government official for actions he [or she] takes under color of state law," in contrast to an official capacity suit, which "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." Cmty. House, Inc. v. City of Boise, 623 F.3d 945, 966 (9th Cir. 2010) (internal quotation marks omitted). Thus, the distinction between individual and official capacity does not apply in the case of a direct suit against a government entity, which should be sued in an official capacity only. See id. Accordingly, Gipson has failed to state a claim against defendant Arrowhead Medical Center in its individual capacity.

8

S. Ct. 473, 5 L. Ed. 2d 492 (1961), overruled in part by Monell, 436 U.S. at 658. For a private party to be sued under Section 1983 the private party must be a willful participant in joint action with the state or its agents. See Dennis v. Sparks, 449 U.S. 24, 27-28, 32, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980) (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); United States v. Price, 383 U.S. 787, 794, 86 S. Ct. 1152, 16 L. Ed. 2d 267 (1966)).

### 2. Analysis

Here, the Complaint fails to state a Section 1983 claim against defendant Risk Management. While Gipson conclusorily alleges defendant Risk Management "is responsible for all conduct and misconduct of their employees as insurance for [their] misconduct", see dkt. 1 at 3, defendant Risk Management is a private party. See Monroe, 365 U.S. at 167. Hence, absent any allegations defendant Risk Management willfully participated in joint action with the state or any allegations defendant Risk Management acted under color of state law during the alleged incident, Gipson's Section 1983 claim against defendant Risk Management fails. See Dennis, 449 U.S. at 27-28; West, 487 U.S. at 48. Accordingly, Gipson's Section 1983 claim against defendant Risk Management is subject to dismissal.

## D. THE COMPLAINT FAILS TO STATE FIRST AMENDMENT RETALIATION CLAIMS AGAINST DEFENDANTS CASTILLO AND RENSINK

### 1. Applicable Law

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citation omitted); Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that [a prison official] took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment

9

rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); see Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) (observing prisoner "must show that there were no legitimate correctional purposes motivating the actions he complained of").

### 2. Analysis

Here, although not entirely clear, Gipson appears to allege defendants Castillo and Rensink violated his First Amendment rights when he was sent to the SHU in "retaliat[ion]" for filing a grievance. Dkt. 1 at 5. However, Gipson's barebones allegation that he was retaliated against for filing a grievance is insufficient to state a First Amendment retaliation claim. Specifically, Gipson has alleged no facts from which one can infer who "retaliated" against him, or what specific action that individual allegedly took. See Iqbal, 556 U.S. at 678. Accordingly, to the extent Gipson alleges First Amendment claims against defendants Castillo and Rensink, those claims are subject to dismissal.

### E. THE COMPLAINT FAILS TO STATE FOURTH AMENDMENT CLAIMS AGAINST DEFENDANTS CASTILLO AND RENSINK

### 1. Applicable Law

The Fourth Amendment protects "against unreasonable searches and seizures[.]" U.S. CONST. amend. IV. In the context of criminal procedure, the Fourth Amendment protects a person from "*pretrial* deprivations of liberty." Albright v. Oliver, 510 U.S. 266, 274, 114 S. Ct. 807, 127 L. Ed. 114 (1994) (plurality opinion) (emphasis added).

### 2. Analysis

Here, Gipson appears to allege defendants Castillo and Rensink violated the Fourth Amendment by falsifying documents. See dkt. 1 at 3-5. However, as a preliminary matter, Gipson fails to state a Fourth Amendment violation because he has not alleged, nor can the Court infer, that he is a pretrial detainee. See Albright, 510 U.S. at 274. Additionally, even assuming Gipson is a pretrial detainee, he has

1  failed to allege any facts supporting Fourth Amendment claims against defendants
2  Castillo and Rensink. See Iqbal, 556 U.S. at 678. Accordingly, Gipson's Fourth
3  Amendment claims against defendants Castillo and Rensink are subject to dismissal.

**F. THE COMPLAINT FAILS TO STATE EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT CLAIMS AGAINST DEFENDANTS CASTILLO AND RENSINK**

**1. Applicable Law**

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they deny humane conditions of confinement with deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). To state a claim for such an Eighth Amendment violation, an inmate must show objective and subjective components. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). The objective component requires an "objectively insufficiently humane condition violative of the Eighth Amendment" which poses a substantial risk of serious harm. Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996). The subjective component requires prison officials acted with the culpable mental state, which is "deliberate indifference" to the substantial risk of serious harm. Farmer, 511 U.S. at 837-38; Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976).

"[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837-38; see May v. Baldwin, 109 F.3d 557, 566 (9th Cir. 1997) (rejecting plaintiff's claims disciplinary segregation violated the Eighth Amendment because plaintiff "failed to allege facts establishing the deprivation of adequate food, drinking water, sanitation, or personal hygiene items").

11

**2. Analysis**

Here, Gipson contends defendants Castillo and Rensink subjected him to cruel and unusual punishment in violation of the Eighth Amendment. Dkt. 1 at 3-4. However, Gipson fails to allege any facts to meet either the objective or subjective components of a cruel and unusual punishment claim. See Clement, 298 F.3d at 904. To the extent Gipson alleges defendants Castillo and Rensink have created an "insufficiently humane condition violative of the Eighth Amendment" by not providing Gipson an ADA compliant cell, Gipson has failed to allege these defendants were deliberately indifferent to a substantial risk of serious harm to Gipson. See Osolinski, 92 F.3d at 938; Farmer, 511 U.S. at 837-38. Accordingly, Gipson's Eighth Amendment cruel and unusual punishment claims against defendants Castillo and Rensink are subject to dismissal.

**G. THE COMPLAINT FAILS TO STATE FOURTEENTH AMENDMENT DUE PROCESS CLAIMS AGAINST DEFENDANTS CASTILLO AND RENSINK**

**1. Applicable Law**

The Due Process Clause protects prisoners from being deprived of property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). However, a plaintiff has no constitutional entitlement to have his prison grievances or appeals handled or decided in a particular manner. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).

**2. Analysis**

Here, Gipson appears to allege defendants Castillo and Rensink "falsif[ied] documents resulting in [a] botch[ed]" investigation into Gipson's prison grievance in violation of the Fourteenth Amendment. Dkt. 1 at 5. Gipson, however, does not have actionable claims against defendants Castillo and Rensink for their alleged mishandling of his prison grievance. See Mann, 855 F.2d at 640; Ramirez, 334 F.3d at

860 (upholding the district court's finding that "because inmates have no constitutional right to a prison grievance system, the actions of the prison officials in reviewing his [grievance] cannot create liability under [Section] 1983"). Accordingly, Gipson's Fourteenth Amendment due process claims against defendant Castillo and Rensink are subject to dismissal.

## V.

## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that the allegations against the Defendants are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in his pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim to pursue this action. However, if Plaintiff asserts a claim in his First Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

13

If Plaintiff chooses to file a First Amended Complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: April 18, 2019

HONORABLE KENLY KIYA KATO
United States Magistrate Judge